UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ UNITED STATES OF AMERICA,                     │
│                                               │
│                                               │
│     -v-                                       │
│                                               │
│                                               │
│                                               │
│ JEAN CARLO AMPARO HERRERA,                    │
│           Defendant.                          │
└─────────────────────────────────────────────┘
```

23-cr-504 (JSR)


ORDER

JED S. RAKOFF, U.S.D.J.:

On July 11, 2024, defendant Jean Carlo Amparo Herrera pleaded guilty to a lesser included offense of narcotics distribution within Count One of the superseding indictment. See Tr. of 7/11/2024 H'rg at 15:14-18, ECF No. 84; see also ECF No. 48. On August 16, 2024, defendant submitted a motion "seek[ing] the immediate release of [defendant] with reasonable conditions." ECF No. 86 at 1. The Government submitted a brief in opposition on August 20, 2024. ECF No. 87. On September 16, 2024, defendant submitted a supplemental filing in support of his earlier motion, and the Government responded in opposition two days later. ECF Nos. 95, 96. Defendant's sentencing is scheduled for October 22, 2024. Tr. of 7/11/2024 H'rg at 17:25-18:2, ECF No. 84.

Defendant has pleaded guilty to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," which means that he should be detained while awaiting sentencing unless "there is a substantial

1

likelihood that a motion for acquittal or new trial will be granted," or "an attorney for the government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. §§ 3142(f)(1)(C) & 3143(a)(2)(A). A court must also find "by clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community." Id. § 3143(a)(2)(B). Neither defendant nor the Government argues that defendant meets the criteria outlined in § 3143(a)(2)(A).

Instead, defendant argues that he should be released under a discretionary exception to that general rule. Section 3145(c) provides that a defendant "subject to detention pursuant to section 3143(a)(2) … may be ordered released, under appropriate conditions … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The court must also find that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. §§ 3143(a)(1) & 3145(c).

Assuming arguendo for purposes of deciding this motion that defendant poses no risk of flight or danger, defendant still fails to demonstrate that "exceptional reasons" justify his release. "Exceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) (internal quotation marks omitted). Although defendant

has identified circumstances that make his incarceration more difficult, they are not sufficiently unique or serious to rise to that high level. Most relevantly, he argues that various health conditions, including high blood pressure and migraines, have been ignored or otherwise mistreated by the Metropolitan Detention Center ("MDC"), where he is detained. ECF No. 86 at 2; ECF No. 95 at 3-4. But the Government has attached to its briefs significant documentary evidence demonstrating the MDC's efforts to evaluate and treat defendant's disclosed conditions. See ECF No. 96, Ex. A at 1 (reflecting evaluation on September 10, 2024, for defendant's complaints "of feeling anxious and a headache x3 days"); id., Ex. A at 2 (reflecting increase in medication dosage after evaluation and referral "to commissary for OTC medications to address his headache"); id., Ex. A at 22 (reflecting order of EKG for defendant in April 2024); id. at 2-3 ("Counsel at the MDC also spoke to the physician who treated the defendant in April 2024 and ordered the EKG, who reported that the results of the EKG were normal."). See generally id., Ex. A (reflecting medical appointments on September 10, 2024, August 2, 2024, and July 31, 2024). Defendant's medical conditions and treatment plan are not "out of the ordinary."

Defendant's other arguments also do not establish circumstances justifying his release. He argues that conditions at MDC have "jeopardized" his right to counsel, citing -- among other complaints -- an occasion when his attorney was "turned away by

MDC staff" and another telephonic meeting that "was abruptly cut short after ten minutes." ECF No. 86 at 2; ECF No. 95 at 3. These events are concerning, but the Court is unable to find that they constitute exceptional circumstances because the parties' briefing indicates that defendant has been otherwise able to regularly communicate with his appointed counsel. See ECF No. 86 at 2 (noting that counsel "arranged several in-person meetings," while also alleging that "MDC staff cut most of those visits short"); ECF No. 95 at 3 (noting the problems with video teleconferencing and telephone access but also implying that he has been able to speak with counsel, at least occasionally, by those means); ECF No. 96, Ex. D at 9-10 (reflecting email correspondence with counsel throughout July, August, and September 2024).

To be sure, the Court recognizes that the MDC imposes "serious burdens" on those in pretrial detention. United States v. Smith, 660 F. Supp. 3d 210, 219 (S.D.N.Y. 2023). Despite these challenges, defendant appears to have adopted regular patterns of daily life that assure the Court he is not facing a unique burden. See ECF No. 96, Ex. B (reflecting nearly biweekly purchases from the commissary); id., Ex. C (reflecting roughly monthly visits by his partner); id., Ex. D (reflecting nearly daily phone calls with his partner and regular email exchanges with his partner and counsel).

For the foregoing reasons, defendant's motion seeking release under 18 U.S.C. §§ 3143 and 3145 is hereby denied.

SO ORDERED.


New York, NY
September 30, 2024

JED S. RAKOFF, U.S.D.J.